**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MAX LOUMENA,<br><br>       Plaintiff-Appellant,<br><br>  v.<br><br>LESLIE NICHOLS; WALTER P.<br>HAMMON,<br><br>       Defendants-Appellees. | No.   16-15296<br><br>D.C. No. 5:15-cv-02303-BLF<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Beth Labson Freeman, District Judge, Presiding

Submitted November 16, 2016[**]

Before:    LEAVY, BERZON, and MURGUIA, Circuit Judges.

Max Loumena appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging constitutional violations arising from his

parents' state court divorce proceedings.  We have jurisdiction under 28 U.S.C.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Accordingly, Loumena's request for oral argument, set forth in his reply brief, is denied.

§ 1291. We review de novo a dismissal under the *Rooker-Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly dismissed Loumena's action because it is a "forbidden de facto appeal" of a state court order denying Loumena's request for relief from restrictions on his ability to live with his mother and raises constitutional claims that are inextricably intertwined with that state court order. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (the *Rooker-Feldman* doctrine bars de facto appeals of a state court decision and constitutional claims "inextricably intertwined" with the state court decision).

The district court did not abuse its discretion in denying Loumena's motion for recusal because Loumena failed to establish any ground for recusal. *See United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (setting forth standard of review and grounds for recusal).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

16-15296